UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JANE DOE 1, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) |
| | ) Case No. 1:24CV217 ACL |
| DAVID MCKNIGHT, et al., | ) |
| Defendants. | ) |

**ORDER**

Presently pending before the Court are the Motions to Proceed Under Pseudonym filed by Consolidated Plaintiffs "Jane Doe 1," "Jane Doe," and "Mary Rowe." (Docs. 7, 18.)

**Background**

Plaintiff Jane Doe 1 (hereinafter "Doe 1") brought this action pursuant to 42 U.S.C. § 1983 against David McKnight, alleging violations of her constitutional rights arising from a traffic stop. (Doc. 1.) McKnight was an on-duty police officer with the Missouri State Highway Patrol ("MSHP") at all relevant times.

Plaintiff alleges that, on April 6, 2024, McKnight pulled over Doe 1 in Sikeston, Missouri. McKnight requested Doe 1's driver's license, but Doe 1 had left her license at home that day. She asked her husband to send her a screen shot of her license. Doe 1 then handed her cellphone to McKnight. McKnight took Doe 1's cellphone back to his cruiser. Plaintiff alleges that McKnight, without permission, accessed photographs saved on Doe 1's phone. McKnight then used his phone to take pictures and/or videos of the images from Doe 1's phone. The images McKnight captured from Doe 1's phone were nude images of Doe 1. The Complaint asserts the following claims against McKnight: violation of Doe 1's Fourth Amendment right to

1

be free of unreasonable searches, violation of Doe 1's Fourth Amendment right to be free of unreasonable seizures, violation of Doe 1's Fourteenth Amendment right to privacy, violation of Doe 1's Fourteenth Amendment right to due process, violation of Doe 1's Fourteenth Amendment right to equal protection, and negligence.

In an Order dated January 15, 2025, the Court noted that Plaintiff was attempting to sue Defendant under the pseudonym "Jane Doe 1" but had not requested leave to proceed under a pseudonym. (Doc. 6.)  The undersigned therefore directed Plaintiff to file a motion to proceed under a pseudonym addressing the factors set out by the Eighth Circuit Court of Appeals in *Cajune v. Independent School District 194*, 105 F.4th 1070, 1077 (8th Cir. 2024).

On January 15, 2025, Plaintiffs Jane Doe (hereinafter "Doe 2") and Mary Roe brought a separate action (Case No. 1:25-cv-00010-SNLJ) against McKnight and the MSHP alleging constitutional and tort claims arising from a December 31, 2024 traffic stop.  Plaintiffs allege that McKnight pulled over Plaintiff Doe 2 for speeding near the Benton Exit on Interstate Highway 55 in Scott County, Missouri.  McKnight asked Doe 2 to produce her insurance card.  Doe 2's insurance card was contained in her cellphone, so she handed her phone to McKnight.  McKnight took the phone to his patrol car.  After several minutes, McKnight returned Doe 2's phone to her and permitted her to depart without a citation.  On August 22, 2024, Doe 2 was informed by a corporal with the MSHP that the MSHP had come into possession of several photographs of Doe 2 and Doe 2's life partner, Mary Roe, taken from McKnight's cellphone.  Doe 2 was informed that McKnight had been in possession of photographs of both Doe 2 and Roe in various states of undress and that some of the images contained private sexual content.  Plaintiffs Doe 2 and Roe assert claims of unconstitutional search and seizure, deprivation of

privacy and substantive due process, invasion of privacy, the tort of outrage, and negligent hiring, retention, supervision, and training.

In an Order dated February 19, 2025, the Court consolidated Jane Doe 2 and Mary Roe's case, Case No. 1:25-cv-00010-SNLJ, into the instant case due to the involvement of the same Defendant and common facts and questions of law.  (Doc. 17.)  The Court also appointed counsel for McKnight, directed McKnight to file a response to Plaintiff Jane Doe 1's pending Motion to Proceed Under Pseudonym, and directed Jane Doe 2 and Mary Roe to file a motion to proceed under a pseudonym.  Plaintiffs Jane Doe 2 and Mary Rowe filed a Motion to Proceed Under Pseudonym on February 28, 2025.  (Doc. 18.)  On May 27, 2026, McKnight filed a Response to the Motions stating that he has no objection to the Plaintiffs' motions.  (Doc. 29.)

## Discussion

In her Motion, Plaintiff Jane Doe 1 states that this case "involves sensitive and personal matters that, if disclosed, could cause significant harm to Plaintiff." (Doc. 7 at 1.)   She further states that she has a "substantial privacy interest in keeping her identity confidential." *Id.*  Jane Doe 1 argues that allowing her to proceed under a pseudonym "will not prejudice anyone." *Id.* Plaintiffs Jane Doe 2 and Mary Roe provide the same arguments in their Motion to Proceed Under Pseudonym.  (Doc. 18.)  They request that Jane Doe 2 be permitted to proceed under the pseudonym "Jane Doe 2."

Defendant McKnight has filed a Response, in which he states that he has no objection to Plaintiffs' Motions.  (Doc. 29.)

Courts "disfavor the use of fictitious names in legal proceedings," but the Eighth Circuit has recently held that "a party may proceed under a fictitious name only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full

disclosure." *Cajune*, 105 F.4th at 1077.  The Eighth Circuit set forth non-exhaustive factors a district court should consider when determining whether a party may proceed anonymously.  Factors weighing in favor of party anonymity include: (1) whether "the party seeking anonymity is challenging government activity"; (2) whether "identification threatens to reveal information of a sensitive and highly personal nature"; (3) whether a party would "be required, absent anonymity, to admit an intention to engage in illegal conduct, thereby risking criminal prosecution"; and (4) whether there is a "danger of retaliation," which is "often a compelling ground" in favor of anonymity.  *Id.*  Factors weighing against party anonymity include: (1) whether the party's requested anonymity "poses a unique threat of fundamental unfairness to the defendant"; (2) whether "the public's interest in the case is furthered by requiring that the litigants disclose their identities"; and (3) whether "there exist alternative mechanisms that could protect the confidentiality of the litigants." *Id.* (citations omitted).  "Because a district court must exercise discretion in the course of weighing competing interests," a district court's decision to grant or deny a motion to proceed anonymously is reviewed for an abuse of discretion.  *Id.* at 1077-78.

After review of the Complaints and due consideration of the above factors, the Court finds Plaintiffs have established that, at this time, it is appropriate for them to proceed under fictitious names against Defendant McKnight.  The allegations in the Complaints involve descriptions of private images of the Plaintiffs either in the nude or engaging in sexual activity.  The Complaint therefore involves "matters of a sensitive and highly personal nature" that involve "information of the utmost intimacy."  Additionally, Plaintiffs challenge the conduct of a government employee while acting in the course of his duties as a police officer for the MSHP.  Moreover, Defendant apparently knows the identities of the Plaintiffs because he is also facing

4

criminal charges in this District for related conduct (Case No. 1:24-CR-160). As such, anonymity would not prejudice Defendant or otherwise be fundamentally unfair. *See Cody v. City of St. Louis*, No. 4:17-CV-2707-AGF, 2022 WL 1202354 *2 (E.D. Mo. Apr. 22, 2022) (stating the defendants' knowledge of the plaintiffs' identities "lessens their claims to be prejudiced by the use of pseudonyms.") (quoting *Advanced Textile Corp.*, 214 F.3d at 1069 n.11 (9th Cir. 2000)). In fact, as previously noted, Defendant has stated that he has no objection to Plaintiffs' requests to proceed under pseudonyms. (Doc. 29.) Thus, the Court will grant Plaintiffs' motions to proceed under pseudonyms.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motions to Proceed Under Pseudonym (Docs. 7, 18) are **granted**. Plaintiffs are thereby permitted to proceed under the pseudonyms Jane Doe 1, Jane Doe 2, and Mary Roe.

**IT IS FURTHER ORDERED** that the Clerk is instructed to modify the case caption from Jane Doe to Jane Doe 2.

    /s/ *Abbie Crites-Leoni*
    ABBIE CRITES-LEONI
    UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of May, 2025.