UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANE DOE 1, et al., ) | |
| ) | |
|    *Plaintiffs,* ) | |
| ) | |
| v. ) | Case No. 1:24-CV-00217-ACL |
| ) | |
| DAVID McKNIGHT, et. al., ) | |
| ) | |
|    *Defendants.* ) | |

## DEFENDANT MISSOURI STATE HIGHWAY PATROL'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Missouri State Highway Patrol ("Defendant" or "MSHP"), by and through counsel and under Federal Rule of Civil Procedure 12(b)(6), submits the following Memorandum in Support of its Motion to Dismiss.

Plaintiffs' claims against Defendant must be dismissed because Defendant is immune from suit under Eleventh Amendment immunity and sovereign immunity. The state has not waived its immunity for the types of claims alleged.

## BACKGROUND

Plaintiffs filed their Complaint on November 21, 2024. Doc. 1. In their Complaint, Plaintiffs bring six claims against MSHP: Count I: Unconstitutional Search and Seizure; Count II: Deprivation of Privacy and Substantive Due Process; Count III: Invasion of Privacy; Count IV: Negligent

1

Hiring, Retention, Supervision & Training; Count V: Tort of Outrage; Count VI: Punitive Damages. *Id*. Plaintiffs' Complaint fails to state a claim upon which relief may be granted against MSHP and should thus be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## STANDARD OF REVIEW

The federal pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The court must accept as true only the factual allegations, not conclusions. *Ibid*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id*. (alteration in original) *quoting* Fed. R. Civ. P. 8(a)(2).

## ARGUMENT

**I.    Plaintiffs' claims against MSHP are barred by sovereign immunity.**

State entities are protected by sovereign immunity. *See* Mo. Rev. Stat.

2

§537.600. "Sovereign immunity is not a defense to suit but, rather, it is immunity from tort liability altogether…." *State ex rel. City of Grandview v. Grate*, 490 S.W.3d 368, 369 (Mo. 2016). Missouri statute contains specific waivers of immunity for motor vehicle accidents or unsafe conditions on a public entity's property, but not for circumstances as alleged here. Mo. Rev. Stat. § 537.600. It is Plaintiffs burden to plead and prove waiver of sovereign immunity. *Randel v. City of Kansas City*, 467 S.W.3d 383, 387 (Mo. App. W.D. 2015). Plaintiffs have not met this burden in that they have failed to plead any facts establishing a waiver of MSHP's sovereign immunity.

Because MSHP did not waive sovereign immunity for any of Plaintiffs' claims against it and Plaintiffs have not pleaded facts showing an exception to sovereign immunity, all claims against MSHP must be dismissed.

**II.     Plaintiffs' claims against MSHP are barred by Eleventh Amendment immunity.**

Plaintiffs filed their Complaint against a State agency, Missouri State Highway Patrol. "Federal courts are courts of limited jurisdiction." *Kokkomen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *see also* U.S. Const. art. III, § 2, cl. 1. "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or

3

Subjects of any Foreign State." *U.S. Const. amend. XI*.[1] "[A]bsent waiver by the State or a valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). "A suit generally may not be maintained against the state itself, or against an agency or department of the State, unless the State has waived its sovereign immunity." *Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982) (*per curiam*), *citing Alabama v. Pugh*, 438 U.S. 781 (1978).

"In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" *Edelman*, 415 U.S. at 673 (alteration in original), *quoting Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909). "Thus, in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal courts*." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985). (emphasis in original). In *Will v. Michigan Dept. State Police*, 491 U.S 58 (1989), the Court held that "neither a

---

[1] The Eleventh Amendment, though not by its own terms, bars suits brought against a State by its own citizens as well as suits brought by citizens of another State. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

4

State nor its officials acting in their official capacities are "persons" under §1983."

Plaintiffs bear the burden to specifically plead facts showing that an exception to sovereign immunity applies. *Epps v. City of Pine Lawn*, 353 F. 3d 588, 594 (8th Cir. 2003). Here, Plaintiffs bring suit against MSHP, a state agency that has not waived its immunity, and Plaintiffs have failed to plead any facts that show any explicit waiver of such immunity. Plaintiffs have not met their burden. Thus, Plaintiffs' claims against MSHP must be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Defendant requests this Court dismiss Plaintiffs' claims against Defendant with prejudice and for such other relief as this Court deems just and proper.

Respectfully submitted,

**ANDREW BAILEY**
Attorney General

*/s/ Olivia L. Finley*
Olivia L. Finley
Assistant Attorney General
Missouri Bar No. 76610
221 West High Street
Jefferson City, Missouri 65101
Phone: (573) 751-3321
Email: Olivia.Finley@ago.mo.gov

5

/s/ Scott J. Bower
Scott J. Bower
Assistant Attorney General
Missouri Bar No.75486
221 West High Street
Jefferson City, Missouri 65101
Phone: (573) 751-3065
Email: Scott.Bower@ago.mo.gov

*Attorneys for Defendants*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2025, the foregoing was filed electronically via the Court's electronic filing system and was served by operation of the CM-ECF system on all counsel of record.

*/s/ Olivia L. Finley*
Assistant Attorney General
