UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JANE DOE 1, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) |
| | ) Case No. 1:24-CV-217-ACL |
| DAVID MCKNIGHT, et al., | ) |
| Defendants. | ) |

## ORDER

Consolidated Plaintiffs Jane Doe 1, Jane Doe 2, and Mary Roe brought this action pursuant to 42 U.S.C. § 1983 against David McKnight, alleging violations of their constitutional rights arising from a traffic stop.  McKnight was an on-duty police officer with the Missouri State Highway Patrol ("MSHP") at the time.  Plaintiffs Jane Doe 2 and Mary Roe also named the MSHP as a Defendant.

Defendant MSHP filed a Motion to Dismiss for failure to state a claim upon which relief can be granted.  (Doc. 35.)  On October 1, 2025, the Court directed Plaintiffs Jane Doe 2 and Mary Roe ("Plaintiffs") to show cause why the Complaint should not be dismissed as to MSHP.  (Doc. 38.)  On October 7, 2025, Plaintiffs filed a Response to Order to Show Cause, in which they state they contemporaneously filed a Motion for Leave to File a First Amended Complaint and that the proposed First Amended Complaint dismisses MSHP from this action thereby rendering the Motion to Dismiss moot.  (Doc. 42.)

Plaintiffs' Motion for Leave to File First Amended Complaint states that new counsel recently entered his appearance for Plaintiffs and their prior counsel has withdrawn.  (Doc. 40.) Plaintiffs state that the proposed First Amended Complaint dismisses all claims against MSHP,

1

and rewords several of the six counts to model them after the Complaint filed on behalf of Jane Doe 1. Plaintiffs subsequently filed a Supplement to their Motion for Leave to File First Amended Complaint, providing a copy of the proposed First Amended Complaint with all new material underlined in compliance with the Court's Local Rules. (Doc. 46-1.)

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be "freely given when justice so requires." "Under the liberal amendment policy of Federal Rule of Civil Procedure 15(a), a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The burden of proof of prejudice is on the party opposing the amendment." *Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir. 1987).

The Court finds that justice requires the amendment of pleadings as requested. Although the time for a response has not yet expired, Defendant will not be prejudiced by the proposed amendments.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 40) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to docket Plaintiffs' First Amended Complaint (Doc. 46-1).

**IT IS FURTHER ORDERED** that Defendant Missouri State Highway Patrol's Motion to Dismiss Plaintiff's Complaint (Doc. 35) is **found moot**.

                                                                  /s/ *Abbie Crites-Leoni*
                                                                  ABBIE CRITES-LEONI
                                                                  UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of October, 2025.