# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JANE DOE 1, et al., ) | |
| ) | |
|    *Plaintiffs,* ) | |
| ) | |
| v. ) | Case No. 1:24-CV-00217-ACL |
| ) | |
| DAVID McKNIGHT, et. al., ) | |
| ) | |
|    *Defendants.* ) | |

## STIPULATED PROTECTIVE ORDER

Now before this Court is the parties' joint request for entry of a protective order to facilitate nonparty Missouri State Highway Patrol's ("MSHP") production of confidential materials in response to a subpoena issued in this action. This Court finds good cause for entry of this Order to protect from public disclosure sensitive law-enforcement materials and the privacy of victims and witnesses, while permitting discovery necessary for the litigation.

**IT IS HEREBY ORDERED THAT:**

1. **Scope.** All documents and materials produced by MSHP or any party in the course of discovery in this case, including but not limited to documents, electronically stored information, data, audio/video recordings, images, transcripts, responses to discovery requests, deposition testimony and

exhibits, and information derived directly therefrom (collectively, "Documents"), are subject to this Order concerning Confidential Information and Attorneys' Eyes Only Information as set forth below.

**2. Definitions.**

2.1 "Confidential Information" means nonpublic information designated in good faith that merits protection from unrestricted disclosure due to law-enforcement sensitivity, privacy, or statutory restrictions, including:

(a) Personal identifying information of any individual, including addresses, phone numbers, dates of birth, email addresses, and unique identifiers;

(b) Identities and contact information of victims or witnesses, and statements or materials that would reveal such identities;

(c) Personnel files of MSHP troopers;

(d) Records whose disclosure is restricted or prohibited by Missouri or federal law; and

(e) Any deposition transcripts, exhibits, summaries, or notes that contain or reflect any of the foregoing.

2.2 "Attorneys' Eyes Only" ("AEO") Information means a subset of Confidential Information that the producing entity designates in good

faith as highly sensitive, the disclosure of which to another party or nonparty would create a substantial risk of harm that cannot be avoided by less restrictive means, including materials revealing law-enforcement investigative techniques, confidential informants, or uncharged third-party conduct, and graphic or intimate imagery as addressed in Paragraph 5.5 below.

2.3 "Producing Entity" includes MSHP as a nonparty responding to subpoena and any party producing Documents under this Order.

2.4 "Receiving Party" includes any party and any nonparty who receives Confidential or AEO Information subject to this Order.

**3. Designation.**

3.1 A Producing Entity may designate Documents as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" by marking the designation on the material prior to or at the time of production. Electronic data may be designated by filename, metadata field, load file, cover letter, or slip sheet.

3.2 Inadvertent failure to designate shall not waive protection if corrected within thirty (30) days after discovery of the inadvertent failure; upon notice, the Receiving Party shall promptly treat the

material in accordance with the corrected designation and make reasonable efforts to retrieve any prior dissemination inconsistent with the corrected designation.

4.  **Permitted Uses.**

Confidential and AEO Information shall be used solely for purposes of this litigation, including any appeals, and shall not be used for any business, governmental, personal, or other purpose.

5.  **Access and Handling.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this action, or any other related legal proceeding brought by one of the parties to this action.

    5.1 Confidential Information may be disclosed only to:

        (a) The Court and its personnel;

        (b) Counsel of record for the parties, including in-house counsel, and their employees, vendors, and service providers (including e-discovery vendors, copy services, translators, and trial consultants) to whom disclosure is reasonably necessary;

    (c) Parties, or one designated employee or representative of an organizational party, only to the extent reasonably necessary for case preparation;

    (d) Court reporters and videographers engaged for depositions;

    (e) Mediators engaged by the parties or appointed by the Court;

    (f) Experts and consultants retained for this litigation after they have been provided a copy of this Order and agreed in writing to be bound by it;

    (g) The author, addressee, or prior recipient of the document, or any person who otherwise previously received or had access to the information outside of this litigation;

    (h) Witnesses in deposition or at hearing or trial to the extent reasonably necessary for testimony, provided such individuals are advised of the confidential nature of the material and the requirements of this Order.

5.2 AEO Information may be disclosed only to those persons identified in Subparagraphs 5.1(a), (b), (d), (e), (f), and (g), and, for witnesses, only if the Producing Entity consents in writing or the Court so orders upon a showing of need.

5.3 Control of Documents. Receiving Parties shall employ reasonable safeguards to prevent unauthorized disclosure and shall maintain a

record of all persons to whom they disclose Confidential or AEO Information, other than Court personnel.

5.4 Redactions Permitted. The Producing Entity may redact from produced materials nonresponsive personal identifying information, privileged or work-product information, and information required by statute to be withheld, while identifying the basis for redaction in a manner that does not reveal the redacted content.

5.5 Special Privacy Protections for Intimate and Facial Imagery.

    a) Any photo, video, or image containing nudity, partial nudity, underwear, intimate body parts, or sexually explicit content of any individual shall be designated at least Confidential and may, at the Producing Entity's discretion, be designated AEO.

    b) Prior to production, the Producing Entity shall blur or otherwise obscure any individual's face and intimate parts, including breasts, buttocks, pubic area, and genitalia, sufficient to prevent identification, while preserving evidentiary value; if blurring is not feasible without impairing evidentiary value, the item may be withheld and identified on a log for meet-and-confer and, if necessary, in camera review.

6

    c) Any unredacted original imagery maintained for authenticity shall be securely stored by the Producing Entity and, if inspection is reasonably necessary, made available for supervised review by counsel and qualified experts under AEO conditions, without copying, absent Court order.

    d) Any deposition or hearing reference to such imagery shall occur in a manner that avoids revealing the individual's identity and intimate details on the public record; the parties shall confer in advance to propose appropriate measures, including temporary closing of the courtroom, use of pseudonyms, or sealed presentation.

5.6 Victim and Witness Privacy. The Receiving Party shall not use Confidential or AEO Information to identify or contact any victim or witness except through counsel and solely for litigation purposes, and shall not disclose such identities publicly.

6. **Challenges to Designations.** A Receiving Party may challenge a designation at any time. The parties (and MSHP, for its productions) shall first confer in good faith. If no resolution, the challenging party may move the Court. The Producing Entity bears the burden to sustain a designation. Until the Court rules, the material shall be treated according to its designation.

7. **Filings Under Seal and Public Access.**

> 7.1 A party seeking to file material designated Confidential or AEO shall confer regarding redactions and, if needed, file a motion for leave to file under seal. Sealing is disfavored and will be permitted only upon Court order.
>
> 7.2 Where filings include intimate imagery or face images of an individual as covered by Paragraph 5.5, the filing party shall, whenever feasible, file a version with the face and intimate parts blurred, and lodge any unblurred version under seal for in camera review if necessary.

8. **Use at Depositions, Hearings, and Trial.** This Order does not control the use of materials at trial. The parties shall raise in advance any intended use of Confidential or AEO Information, including intimate imagery, and propose appropriate safeguards consistent with Paragraph 5.5. The Court may enter further orders to govern use and protections during proceedings.

9. **Clawback for Privilege or Protection.** Whether inadvertent or otherwise, the production of information subject to a claim of attorney-client privilege, work-product protection, or other protection shall not constitute a waiver. Upon written notice, the Receiving Party shall promptly return, sequester, or destroy the specified material and any copies, and shall not use or disclose it

until the claim is resolved; the Producing Entity shall preserve the material pending resolution.

10.     **Third-Party Productions.** Confidentiality protections herein extend to Documents produced by nonparties, including MSHP; any nonparty may invoke the protections and designations provided by this Order for its production.

11.     **Final Disposition.**

>   11.1 Within thirty (30) days after final resolution of this action, including all appeals, each Receiving Party shall return or destroy all material designated Confidential or AEO (at the Producing Entity's election), except that counsel may retain work product and pleadings incorporating such material, subject to continued protection under this Order.
>
>   11.2 Upon request, a Receiving Party shall certify compliance with this paragraph in writing.

12.     **Continuing Effect; Modification.** This Order shall remain in effect after the conclusion of this litigation unless modified by the Court. Any party, MSHP, or any Producing Entity may seek modification for good cause upon notice.

13. **No Waiver; Reservation of Rights.** Nothing in this Order constitutes a concession regarding discoverability, admissibility, or relevance, or waives any objections, privileges, or protections, including law-enforcement investigatory or official-information privileges; all such rights are reserved.

14. **Persons Bound; Acknowledgments.** This Order is binding upon all counsel of record, parties, MSHP as a Producing Entity, and any person who receives Confidential or AEO Information. Experts and consultants shall execute an acknowledgment agreeing to be bound by this Order prior to receiving such materials, which acknowledgments shall be maintained by counsel and provided to the Court for good cause upon request.

**IT IS SO ORDERED.**

Date: February 3, 2026.

_____

The Honorable Magistrate Judge Abbie Crites-Leoni