UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE 1, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 1:24-CV-217-ACL |
| | ) | |
| DAVID McKNIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

## PARTIAL SEALING ORDER

This matter is before the Court on the Parties' Joint Motion to Seal and Close Settlement Agreements. (Doc. 137.) The Court will grant the Motion, in part. The original settlement agreements (Docs. 139, 140, 141, and 142) accompanying the Motion[1] will be sealed. The parties will be granted leave to file redacted copies of the agreements wherein the names of the individual plaintiffs who proceeded by pseudonyms are redacted. Other than the redaction of these Plaintiffs' names, the terms of the settlement agreements will not be sealed.

Local Rule 13.05 sets out the procedure to be followed when a party requests the sealing of documents. The rule is intended to promote transparency while balancing the rights of parties and non-parties to *lawfully* keep information confidential. Ultimately, Rule 13.05 is aimed at encouraging redaction of confidential information within a document rather than sealing whole documents.

[1] Although the Motion indicated the settlement agreements were submitted with the Motion (Doc. 137 at ¶ 6), the agreements for Jane Smith 1 and Jane Doe 1 (Docs. 139 and 140) were not filed until October 28, 2026; and the agreements for Jane Doe 2 and Mary Roe (Docs. 141 and 142) were filed on November 5, 2026.

This matter arises from four Complaints (consolidated for purposes of discovery and trial) wherein seven Plaintiffs alleged a former Missouri State Highway Patrol Trooper wrongfully searched, viewed, and/or took nude images and/or videos from women's cell phones. All these cases are now settled. Four of the Plaintiffs proceeded by pseudonym throughout the litigation with consent of the parties and by Order of this Court, including Jane Smith 1, Jane Doe 1, Jane Doe 2, and Mary Roe.

The Parties now ask the Court to seal the names of all seven Plaintiffs in the settlement agreements pursuant to MO. REV. STAT. § 610.021(1) (2025). They note that the related criminal matter wherein these seven Plaintiffs and others were identified as victims, each alleged victim proceeded under a pseudonym. This matter proceeded to a jury trial with the three Plaintiffs who did not proceed by pseudonym. The trial was open to the public and lasted three days. Although one of these three Plaintiffs, Jane Doe 3, initially proceeded by pseudonym, she later proceeded by her legal name. Counsel for the three Plaintiffs, who were identified by their legal names during the jury trial, indicated via email that there is no need for their settlement agreements to be sealed.

Missouri law allows Courts to close and seal a record if, "the adverse impact to . . . plaintiffs to the action clearly outweigh[ ] the public policy considerations of section 610.011." MO. REV. STAT. § 610.021(1). Other than the amount of the settlement agreements, the parties request that the entirety of the settlement agreements be sealed. The parties argue the public does not have an interest in knowing the names of women who had their most private and intimate belongings exposed to a stranger. They add that the public is fully informed of the claims and will be able to discover what it cost the government to settle the case. They claim that revealing the names of these Plaintiffs will further victimize them.

The Court finds that revealing the names of the Plaintiffs who proceeded under a pseudonym (the "Doe Plaintiffs") throughout the litigation would have an adverse impact on them that clearly outweighs the public policy consideration of MO. REV. STAT. § 610.011. The true names of the Doe Plaintiffs appear five separate times in the settlement agreements that were submitted with the Motion. The Court further finds there is no need to seal the Doe Plaintiffs' settlement agreements in their entirety. While the complete copies of the settlement agreements will remain sealed, the parties are instructed to file copies of the settlement agreements wherein the actual names of the Doe Plaintiffs are redacted, thereby protecting the identity of those individuals.

In conclusion, only the redacted version of the Doe Plaintiffs' settlement agreements may be produced by any person or entity, including the State of Missouri, to any non-party, even if there is a Sunshine Request for a sealed copy of any of the four settlement agreements submitted with the Motion.

Accordingly,

**IT IS HEREBY ORDERED** that the Parties' Joint Motion to Seal and Close Settlement Agreements (Doc. 137) is **granted, in part**.

**IT IS FURTHER ORDERED** that the original versions of the Settlement Agreements (Docs. 139, 140, 141, and 142) are **sealed indefinitely**.

**IT IS FURTHER ORDERED** that **not later than Tuesday, November 10, 2026**, counsel for the affected Plaintiffs must file a redacted version of each of the Doe Plaintiffs' Settlement Agreements as instructed herein.

Dated this 5th day of November, 2026.

/s/ *Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE